# SHER EDLING LLP
PROTECTING PEOPLE AND THE PLANET

October 20, 2021

The Honorable Nina Gershon                    The Honorable Roanne L. Mann
United States District Judge                   United States Magistrate Judge
United States District Court                   United States District Court
  for the Eastern District of New York            for the Eastern District of New York
225 Cadman Plaza East                          225 Cadman Plaza East
Brooklyn, New York 11201                       Brooklyn, NY 11201

Re:   **Response in Support of Motion to Sever and Stay Third-Party Contribution Claims.**
      *Suffolk County Water Authority v. The Dow Chemical Co. et al.*; No. 2:17-cv-6980-NG-
      RLM, and Related Cases

Dear Judges Gershon and Mann:

Plaintiffs respond to the Solvent Source Defendants' opposition to Plaintiffs' Motion to Sever and Stay Third-Party Contribution Claims (ECF 237, "Resp.").

As an overarching matter, the Solvent Source Defendants mischaracterize Plaintiffs' manufacturer liability claims, as evident in their failure to provide any citations when discussing the "face of the complaints." Resp. at 1. Far from "claim[ing] the property owners never fully cleaned up the contamination" (*id.*), Plaintiffs make no allegations about current property owners' actions decades after product use. Plaintiffs' claims are that the Solvent Source Defendants manufactured, promoted, and sold products containing 1,4-dioxane when they knew or should have known that the use of their products would contaminate Plaintiffs' wells with 1,4-dioxane and threaten the public health. *See* SCWA Compl., ECF 1, ¶¶ 3, 26–30, 32. The complaints demonstrate that the issues, evidence, and proof in the underlying cases against the Solvent Source Defendants are entirely distinct from the third-party contribution claims. This fact, combined with the interests of judicial efficiency and avoiding prejudice to Plaintiffs, compels the conclusion that the third-party claims should be severed and stayed.

1. **The third-party contribution claims involve different transactions or occurrences and require different evidence from Plaintiffs' claims.**

The transaction or occurrence underlying Plaintiffs' manufacturer liability cases is the contamination of Plaintiffs' wells as a direct result of Defendants' manufacturing, promotion, distribution, and sales of 1,4-dioxane and/or industrial solvents that contained 1,4-dioxane, such as TCA. The relevant evidence is related to whether the products were not reasonably safe due to defective design or failure to warn, and whether and when the Solvent Source Defendants knew or should have known about the harms from their products.

In contrast, Defendants say the relevant occurrence is that "end users . . . used [Solvent Source Defendants'] products in a way that caused injury." Resp. at 1. But the Solvent Source Defendants make no such allegation anywhere in the third-party complaints, and most of the third-party defendants are merely holding companies or other current property owners **with no affiliation with actual use or disposal of these products**.[1] Importantly, the contribution claims

---

[1] Indeed, it appears that of the 84 third-party defendants, only 3 of them (Arkwin Industries, Inc., Northrop Grumman Corporation, and United States of America) actually used TCA at the sites identified in the third-party complaints.

The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 20, 2021
Page 2

do not relate to solvent product ***use*** but to the current property owners' alleged ***failure to abate*** (*i.e.*, clean up) contamination from those products in the soil and groundwater under their properties. The Solvent Source Defendants' liability for the underlying claims is premised on different conduct occurring decades before any alleged contribution liability from current property owner third-party defendants arose.

The Solvent Source Defendants' cited cases are therefore distinguishable. In *Hartford Fire Insurance Co. v. County Asphalt, Inc.*, 2002 WL 31654853, at *4 (S.D.N.Y. Nov. 22, 2002), the third-party issues were "based on the same incident," unlike the third-party contribution claims here, which are based on the alleged presence or absence of remedial actions unrelated to and separate from the purchase, use, and disposal of the Solvent Source Defendants' products relevant to Plaintiffs' cases. Likewise, severance was inappropriate in *Graham-Johnson v. City of Albany*, 2021 WL 1614763, at *6 (N.D.N.Y. Apr. 26, 2021), because "Plaintiffs expressly allege in their complaint that [third-party defendant's] conduct led to the damage" of the building at issue. Plaintiffs here do not allege that third-party defendants' failure to abate caused their injuries. Finally, *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, 2014 WL 123488, at *20 (E.D.N.Y. Jan. 10, 2014), is irrelevant because the court denied the motion to sever as moot after remanding the case to state court. Regardless, the magistrate judge's recommendations emphasized that a party added solely for contribution is not an indispensable party, and indeed, "a separate action [by a defendant against a third-party defendant] may be "less convenient" for the defendant, but "it is nonetheless a means of resolving [defendant's] claim of the risk of inconsistent obligations." *Id.* at *12 (cleaned up).

Discovery about the third-party defendants' abatement actions has never been and will not be at issue in Plaintiffs' cases. The Parties' jointly issued subpoena to the New York State Department of Environmental Conservation that the Solvent Source Defendants reference (Resp. Ex. E) sought information related to the parties' claims and defenses (*e.g.*, the presence of 1,4-dioxane in Long Island groundwater wells, information about approvals of Plaintiffs' 1,4-dioxane treatment systems, and potential users of 1,4-dioxane from Solvent Source Defendants' products). *See* Ex. 1. Plaintiffs' subpoena to Arkwin Industries (Resp. Ex. F) is similarly bereft of requests regarding abatement, and focused instead on the purchase, use, and disposal of the Solvent Source Defendants' products and Solvent Source Defendants' warnings or instructions regarding those products.

Finally, Plaintiffs' request for an abatement remedy for their public nuisance claims shares nothing with the substance of Defendants' contribution claims. An abatement remedy for public nuisance in the water supplier context typically involves treatment of the contaminated groundwater from plaintiffs' wells before it is provided to drinking water customers. That is the relief Plaintiffs seek here. *See* SCWA Compl. at 21.

**2. Judicial economy also favors severance, and failing to sever would prejudice Plaintiffs.**

Defendants sidestep the inevitable years of delay caused by adding 84 third-party defendants to the cases. Document discovery to date confirms that there are innumerable releases



SHER EDLING LLP
*PROTECTING PEOPLE AND THE PLANET*

The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 20, 2021
Page 3

of Solvent Source Defendants' dioxane across Suffolk and Nassau Counties.[2] As third-party defendant Arkwin Industries, Inc. noted, if the new claims are not severed, "it will be necessary for Arkwin and presumably many other third party defendants to assert their own third party claims against individuals or entities involved [in] the distribution and disposal of Dow's chemicals . . . and potentially additional parties." Case No. 19-cv-5775, ECF 120, at 2. The risk of unduly delaying the Court's schedule by greatly expanding the issues and parties in these cases is already evident and will prevent efficient resolution of the underlying manufacturer liability cases.[3]

Solvent Source Defendants attempt to brush aside the most on-point case with a misleading and dismissive footnote. *See* Resp. at 3 n.4 (citing *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679 (N.D. Okla. 2006) ("*Oklahoma*")). In that case involving an action against poultry producers for water pollution, the court granted a motion to sever and stay contribution claims against over 160 third-party defendants. *Id.* at 684. Citing and following the same balancing test implemented in *Hicks v. Long Island Railroad*, 165 F.R.D. 377, 379 (E.D.N.Y 1996), the court weighed the interests of judicial efficiency, considering that the third-party claims would only be pursued if plaintiffs prevailed, that third-party defendants were all different types of parties (municipalities, cattle farms, parties using fertilizers, etc.), and that the case would become "unmanageable" with more time-consuming discovery. *Id.* at 682–84. Despite the defendants' concern of duplicative discovery if the actions were severed, the court ultimately concluded that efficiency favored severance. *Id.* at 682. The *Oklahoma* court permitted only **limited paper discovery** in the **severed action**, recognizing discovery hurdles with non-parties. *Id.* at 683 (reasoning that, with this limited discovery, "Defendants could obviate some depositions . . . [and] decrea[se] discovery costs").

Here too, the Solvent Source Defendants' claims against 84 third parties would unduly delay and "further complicate" these cases by adding claims "running the gamut" of different entities distinct from the manufacturer defendants. *See id.* at 684. Moreover, that the third-party contribution claims can be pursued *only if* the Solvent Source Defendants are first found to be liable also favors severance. *See id.* at 682; *Gusinski v. Genger*, 2010 WL 4877841, at *6 (S.D.N.Y. Nov. 30, 2010). As in *Oklahoma*, any concern of duplicative discovery cannot outweigh such an overwhelming interest in efficiency. *Oklahoma*, 237 F.R.D. at 682 (quoting *Hicks*, 165 F.R.D. at 379 ("[W]hile the court must weigh efficiency against prejudice, the case law makes clear that this is not a neutral balancing and that generally, the interests of efficiency will outweigh the dangers of prejudice.")).

This Court should exercise its "broad discretion," and grant Plaintiffs' motion to sever and stay the third-party contribution claims. *See Gusinski*, 2010 WL 4877841, at *4.

---

[2] For example, documents produced by Dow's primary TCA distributor on Long Island, Pride Solvents and Chemicals, identify nearly 250 separate TCA users in Nassau and Suffolk Counties between 1984 and 1993.

[3] Defendants have not yet noticed any depositions of the 27 Plaintiffs, and both Solvent Source Defendants and subpoenaed third parties have suggested delaying depositions until the new third-party defendants can participate. Moreover, Solvent Source Defendants' delay tactics are shown in their false claim that they needed to compel documents from Plaintiffs to identify "well depth, age, operational history" and "capture zone maps" (Resp. at 3), all of which Plaintiffs provided in response to the Fact Sheets as early as November 2019.



SHER EDLING LLP
PROTECTING PEOPLE AND THE PLANET

The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 20, 2021
Page 4


Respectfully submitted,

*/s/ Matthew K. Edling*
MATTHEW K. EDLING
matt@sheredling.com
VICTOR M. SHER
vic@sheredling.com
STEPHANIE D. BIEHL
stephanie@sheredling.com
KATIE H. JONES
katie@sheredling.com
SHER EDLING LLP
100 Montgomery St. Suite 1410
San Francisco, CA 94104
(628) 231-2500

*Attorneys for Plaintiffs*[4]

SCOTT MARTIN
smartin@hausfeld.com
JEANETTE BAYOUMI
jbayoumi@hausfeld.com
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
(646) 357-1100

RICHARD S. LEWIS
rlewis@hausfeld.com
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 540-7200

JAMES GOTZ
jgotz@hausfeld.com
TAMARA FREILICH
tfreilich@hausfeld.com
**HAUSFELD LLP**
One Marina Park Dr. Suite 1410
Boston, MA 02210

*Attorneys for Plaintiff Suffolk County Water Authority*

FRANK R. SCHIRRIPA
fschirripa@hrsclaw.com

---

[4] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water (19-cv-2150) and Hicksville Water District (19-cv-5632).



The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 20, 2021
Page 5

MICHAEL A. ROSE
mr@hachroselaw.com
HILLARY M. NAPPI
hnappi@hrsclaw.com
**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
112 Madison Avenue - 10th Floor
New York, New York 10016
(212) 213-8311

J. NIXON DANIEL, III
jnd@beggslane.com
MARY JANE BASS
mjb@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
850-469-3306

T. ROE FRAZER, II
roe@frazer.law
THOMAS ROE FRAZER, III
trey@frazer.law
W. MATTHEW PETTIT
mpettit@frazer.law
**FRAZER PLC**
30 Burton Hills Blvd
Suite 450
Nashville, TN 37215
615-647-0987

*Attorneys for Plaintiff New York American Water Company, Inc.*

PAUL J. NAPOLI
pnapoli@nsprlaw.com
LILIA FACTOR
lfactor@napolilaw.com
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000

*Attorneys for Plaintiff Hicksville Water District*

cc: All Counsel of Record via ECF

